### N. PATTERSON *et al.* v. CLARA E. PATTERSON.
#### No. 111.

1. CONSPIRACY — *Insufficient Evidence.* The evidence in this case has been carefully examined, and none is contained in the record which tends to establish the fact that a conspiracy had been entered into by the plaintiffs in error, or that they did anything to help to carry out such a conspiracy if one had been entered into.

2. BRIEFS — *Duty of Attorneys.* It is the duty of the attorneys to brief their case and find the authorities, and they will be required to do so if the questions they raise are passed upon by this court.

MEMORANDUM. — Error from Elk district court; A. M. JACKSON, judge. Action by Clara E. Patterson against N. Patterson and others for alienating the affections of plaintiff's husband. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein, filed June 2, 1896, states the material facts.

*S. S. Kirkpatrick*, for plaintiffs in error.

*R. H. Nichols*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Elk county, Kansas, by Clara E. Patterson, as plaintiff, against N. Patterson, Julia Patterson, Amanda E. Patterson, and Adolphus Patterson, as defendants, to recover the damages alleged by her to have been sustained in the loss of the love and affection of her husband, Arter B. Patterson. The petition alleges that N. Patterson and Julia Patterson are the parents, and that Amanda E. and Adolphus Patterson are the sister and brother, of Arter B. Patterson, and that Arter B. Patterson is the husband of the plaintiff, Clara E. Patterson ; that the defendants entered into a conspiracy to cause the separation of Arter B. and Clara E. Patterson, and that, in pursuance of the acts done under such conspiracy, they caused the said Arter B. Patterson to abandon the plaintiff, Clara E. Patterson, and to withdraw his love, affection and support from her, for which she claimed damages in the sum of $15,000. The case was tried with a jury, and a verdict and judgment were rendered against the defendants, and in favor of the plaintiff, Clara E. Patterson, in the sum of $1,050, to which the defendants excepted, and bring the case here for review.

One of the errors complained of by the plaintiffs in error is that the verdict and judgment are not sustained by sufficient evidence, and are contrary to law. We have made a very careful examination of all the evidence in this case, and we find that it discloses the fact that on the 11th day of August, 1892, this defendant in error was married to the said Arter B. Patterson, and went to live in the family of the said N. Patterson. This arrangement did not prove satisfac-

tory, and resulted in an estrangement between them, and especially between Julia Patterson and this defendant in error, which finally culminated in the defendant in error leaving the home of N. Patterson, and going to live with her parents, and led to a family quarrel, which was afterward taken up by the neighborhood, and eventually by the church. We find no evidence in the record tending to establish the fact that a conspiracy was entered into by or between these plaintiffs in error, and there is no evidence tending to establish the fact that they did anything that would help to carry out such a conspiracy if one had been entered into. The only evidence that was introduced relative to the words and actions of these plaintiffs in error shows that they kept up their side of the quarrel. The most of this was done by Julia Patterson, who was in poor health and very irritable. It is to be deplored that this family became estranged, and that their differences could not be reconciled, but this is no reason for charging a conspiracy against one side to the quarrel. It is possible that outsiders did more to keep the animosities of these people aroused than they did themselves, and that they are as liable for an action for conspiracy as these plaintiffs in error are. Because of the lack of evidence to sustain the verdict and judgment rendered in this case it must be reversed.

There are several other assignments of error in the briefs in this case, some of which may arise in a new trial of the case, but because of the condition of the briefs of the counsel herein we shall not consider them. It is a rather common practice with some attorneys, who may not be inclined to look up the authorities and properly brief their case, to state that "this question is elementary, and no citation of au-

thorities is necessary." To decide the questions raised in this case the court must brief the case and find the authorities. This is the duty of the attorneys, and if the same questions arise in another trial of this case they will probably attend to it. They will certainly be required to do so if the questions are ever passed upon by this court.

The judgment of the district court is reversed, and the case remanded for a new trial.

All the Judges concurring.